| | | |
|---|---|---|
| DISTRICT COURT, PUEBLO COUNTY, COLORADO | | |
| Address: | 501 N. Elizabeth Street<br>Pueblo, CO 81003 | DATE FILED: March 3, 2017 4:13 PM<br>FILING ID: 8D67C6BB08B05<br>CASE NUMBER: 2017CV30169 |
| Telephone: | (719) 404-8700 | |
| **Plaintiff:** | **DOMINIQUE ARCHULETA,** | |
| v. | | |
| **Defendant:** | **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY.** | ▲  **COURT USE ONLY**  ▲ |
| Attorneys for Plaintiff | | |
| Name(s): | Edward Lomena, Esq., #45899<br>David E. McDivitt, #38286 | Case Number: |
| Firm: | MCDIVITT LAW FIRM, P.C. | |
| Address: | 19 East Cimarron Street<br>Colorado Springs, CO  80903 | |
| Phone Number: | (719) 471-3700 | Div/Ctrm: |
| Fax Number: | (719) 471-9782 | |
| E-Mail Address: | litigation@mcdivittlaw.com | |
| **CIVIL COMPLAINT** | | |

COMES NOW the Plaintiff, Dominique A. Archuleta, (hereinafter *Plaintiff*), by and through his attorney, MCDIVITT LAW FIRM, P.C. for his Complaint against the Defendant hereby states as follows:

## **VENUE**

1. The Plaintiff is a resident of Colorado, with an address of 600 Rain Tree Boulevard, Lot #105, Canon City, CO 81212.

2. Defendant is, and at all times relevant hereto was, a Colorado corporation licensed to do business in the State of Colorado.

3. Defendant Allstate Fire and Casualty Insurance's registered agent for service of process is Division of Insurance, 1560 Broadway, Suite 850, Denver, CO 80202.

## **FACTUAL ALLEGATIONS**

4. On April 9, 2015 at approximately 8:30 AM., Plaintiff was a passenger in Bryant Zimmerman's 2004 Chevrolet Monte Carlo, bearing Colorado license plate 509ZBS. At this time, Mr. Bryant was traveling North Bound on Highway 15 passing through the intersection of Titus Blvd in the City of Colorado Springs, County of El Paso, state of Colorado.

5. At the same date and time, Defendant was operating a 2014 Ford F250. At this time, Defendant was traveling South bound on Highway 115 approaching the intersection of Titus Blvd in the City of Colorado Springs, County of El Paso, state of Colorado.

6. For reasons unknown to Plaintiff, Defendant unexpectedly turned left significantly striking the left side of Mr. Zimmerman's vehicle.

7. Defendant's actions and/or omissions at this time were so careless, reckless and negligent, as to cause significant impact with Mr. Zimmerman's vehicle, which Plaintiff was a passenger.

8. As a result of said impact, Plaintiff suffered significant damages, including, but not limited to, past and future medical expenses, lost earnings, emotional distress, and loss of enjoyment of life.

### FACTUAL ALLEGATIONS
### Insurance Contract

9. Prior to April 9, 2015, Defendant entered into a contract (Policy Number 976 911 155; hereinafter "Policy" or "the Policy") of automobile insurance with Mr. Archuleta.

10. At all times relevant hereto, Defendant provided the above-referenced motor vehicle insurance coverage to Mr. Archuleta under the Policy. The terms and conditions of the Policies are incorporated herein as if set forth verbatim.

11. Said Policy was sold by Defendant and purchased and fully paid for by Mr. Archuleta.

12. The Policy contained "Uninsured Motor Vehicle Coverage."

13. "Uninsured Motor Vehicle Coverage," as defined by the Policy, covers underinsured motor vehicles as well. Hereinafter, any reference to the word "underinsured" references by definition the term "uninsured," and any reference to the word "uninsured" incorporates by reference the term "underinsured."

14. The policy limits provided under the Policy for underinsured motor vehicle coverage total $100,000 per person and $300,000 per accident, per policy.

15. At all times relevant hereto, Mr. Archuleta had an automobile liability insurance policy with Allstate Fire and Casualty Insurance, with bodily injury liability limits of $100,000 per person and $300,000 per accident.

16. Plaintiff alleges that he is entitled to Underinsured Motorist coverage for any damages which exceed $100,000.

## FIRST CLAIM FOR RELIEF
### (Underinsured Motorist Claim)

17. Plaintiff incorporates by reference all prior allegations as if fully restated herein.

18. Plaintiff and Defendant cannot agree as to the damages which Plaintiff is entitled to recover from his underinsured motorist benefits, under his own insurance contract with Defendant.

19. Plaintiff suffered economic and non-economic losses and damages as a result of the above-described motorcycle collision, as more fully set forth above.

20. Plaintiff has made a demand for his underinsured motorist benefits but Defendant has failed or refused to pay Plaintiff's reasonable value of said benefits.

21. Plaintiff's underinsured benefits are lawfully past due and owing to Plaintiff.

22. Defendant is legally and contractual required under the Policy to pay compensatory damages to Plaintiff for any damages which exceed the underlying carrier's policy limits.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract against Allstate)

23. Plaintiff incorporates by reference all prior allegations as if fully restated herein.

24. As stated in greater detail above, Defendant entered into a contract with Plaintiff to pay to Plaintiff any sum which he may be legally entitled to collect as damages against the owner or driver of the underinsured motor vehicle.

25. Plaintiff has performed all conditions precedent under this policy.

26. Defendant has failed and refused to make reasonable payment in accordance with the express terms of the applicable insurance contract.

27. Defendant breached its contractual duty owed to Plaintiff.

28. As a direct and proximate result of the breach by Defendant, Plaintiff has suffered economic damages and/or losses.

29. As a direct and proximate result of the breach by Defendant, Plaintiff has suffered non-economic damages and/or losses.

## THIRD CAUSE OF ACTION
### (Unreasonable Delay/Deny Under C.R.S. §10-3-1115)

30. Plaintiff incorporates by reference all prior allegations as if fully restated herein.

31. At all times relevant herein, Plaintiff alleges that he was a first-party claimant to the Policy entered into with Defendant as he, as noted in detail above, is asserting an entitlement to underinsured and uninsured benefits owed directly to him under the Policy.

32. Plaintiff is owed money from the Defendant as a first-party claimant in relation to the damages he sustained in the April 9, 2015, motor vehicle accident.

33. Defendant has unreasonably delayed and/or denied payment of these benefits to Plaintiff by:
    i. Failing to timely, fairly and reasonably evaluate his claim;
    ii. Undervaluing Plaintiff's damages and losses without a reasonable basis;
    iii. Willfully ignoring the Plaintiff's medical diagnosis/prognosis as a basis to undervalue Plaintiff's claim;
    iv. Failing to properly evaluate the liability issues in the case; and
    v. Changing their liability position without reasonable justification where is would benefit Defendant financially, to the detriment of Plaintiff.

34. Defendant's actions were and are unreasonable, and have resulted in the denial and/or delay of payment Plaintiff is entitled to under the Policy.

35. Pursuant to *Colorado Revised Statute* ("C.R.S.") § 10-3-1116, Plaintiff seeks attorney's fees and costs, as well as two times the awarded damages for Defendant's violation of C.R.S. §10-3-1115.

   **WHEREFORE**, Plaintiff requests that judgment be entered against Defendant for all reasonable compensatory damages allowed by law, costs, expert witness fees, interest as provided by law from the date this action accrued, interest as provided by law, calculated at a compound rate, from the date of filing the original complaint, and such further relief as the Court deems proper.

Respectfully submitted, this 3rd day of March, 2017.

          MCDIVITT LAW FIRM, P.C.

          */S/ Edward Lomena, Esq.*
          *Original signature on file pursuant to C.R.C.P. 121 § 1-26*

          **Edward Lomena, Esq.**, #45899